# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MOZLY TECH LLC | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | PATENT CASE |
| | § | |
| QUICKBASE, INC. | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

## COMPLAINT

Plaintiff Mozly Tech LLC ("Plaintiff" or "Mozly") files this Complaint against QuickBase, Inc. ("Defendant" or "QuickBase") for infringement of United States Patent No. 7,367,044 (hereinafter "the '044 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with its principal office located at 3400 Silverstone Dr., Suite 191-G, Plano, Texas 75023.

4.      On information and belief, Defendant is a domestic company with a principle place of business at 150 Cambridgepark Drive, Cambridge, MA 02140.

5.      On information and belief, this Court has personal jurisdiction over Defendant

because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## **VENUE**

7.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## **COUNT I**
## **(INFRINGEMENT OF UNITED STATES PATENT NO. 7,367,044)**

8.      Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.      This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

10.     Plaintiff is the owner by assignment of the '044 Patent with sole rights to enforce the '044 Patent and sue infringers.

11.     A copy of the '044 Patent, titled "System and Method for Network Operation," is attached hereto as Exhibit A.

12.     The '044 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.     On information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '044 patent by making, using, importing, selling, and/or offering for sale a contacts maintenance tool, which is covered by at least Claim

1 of the '044 patent. Defendant has infringed and continues to infringe the '044 patent directly in violation of 35 U.S.C. § 271.

14.     Defendant sells, offers to sell, and/or uses contact maintenance tools including, without limitation, QuickBase CRM applications, and any similar products ("Product"), which infringe at least Claim 1 of the '044 Patent.  The Product allows for the creation and maintenance of a list of contacts and contact information, such as contact phone numbers, for example, for a particular user.  The user is associated with the list via a user account.  The user account can be associated with a new telephone so that the new telephone can dial the phone numbers for the contacts.

15.     The Product integrates the Salesforce CRM platform and provides a method for maintaining a number of user accounts on a network.

16.     The network includes a number of client telephones that use contact information stored on the Product.  The contact information includes telephone numbers.

17.     On information and belief the network includes one or more servers on which user accounts are hosted.  For example, the Product stores accounts associated with users of the Product.

18.     The network also provides for communication between the server and client telephones.  For example, a mobile application provided by Defendant permits communication between the server and client telephones via the Internet or LTE services once a user inputs an associated URL.

19.     For each user account, the Product maintains contact information for the associated user.  For example, the Product maintains a user profile for a given user account and the user profile includes the user's personal information such as name and contact information.

20.     The Product maintains a contact list of telephone numbers that a given user has selected.  The contact list can be accessed and dialed by the user's client telephone.

21.     The Product can associate a user account with a new telephone so that the new telephone can dial the contact telephone numbers for that particular user account.  For example, when a user has a new telephone, the user account is associated with the new telephone by way of the user logging in to the Product's application.

22.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

23.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

24.     Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,367,044 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 9, 2016                    Respectfully submitted,


*/s/ Jay Johnson*_____
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 75201
(214) 613-3350
Fax: (214) 613-3330
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**